# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOMMY GABRIEL PONCE, JR.,<br><br>     Plaintiff,<br><br>  v.<br><br>M. SOLORIO, et al.,<br><br>     Defendants. | Case No. 1:22-cv-01012-SAB (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE TO THIS ACTION<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSAL OF ACTION FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF<br><br>(ECF No. 14) |

Plaintiff Tommy Gabriel Ponce, Jr., is proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's first amended complaint, filed October 14, 2022. (ECF No. 14.)

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see also 28 U.S.C. § 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding *pro se* in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## COMPLAINT ALLEGATIONS

Plaintiff seeks compensatory damages based on his contention that correctional counselor M. Solorio lost, misplaced or threw away his notarized domestic partner registry fee which deprived him of family visits.

## III.

## DISCUSSION

### A.     Deliberate Indifference

Plaintiff seeks to impose liability for deliberate indifference in violation of the Eighth Amendment.

Conditions of confinement may, consistent with the Constitution, be restrictive and harsh. See Rhodes v. Chapman, 452 U.S. 337, 347 (1981); Morgan v. Morgensen, 465 F.3d

1041, 1045 (9th Cir. 2006); Osolinski v. Kane, 92 F.3d 934, 937 (9th Cir. 1996); Jordan v. Gardner, 986 F.2d 1521, 1531 (9th Cir. 1993) (en banc). Prison officials must, however, provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety." Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986), abrogated in part on other grounds by Sandin v. Connor, 515 U.S. 472 (1995); see also Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000); Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982); Wright v. Rushen, 642 F.2d 1129, 1132-33 (9th Cir. 1981).

Two requirements must be met to show an Eighth Amendment violation. Farmer v. Brennan, 511 U.S. 811, 834 (1994). "First, the deprivation must be, objectively, sufficiently serious." Id. (internal quotation marks and citation omitted). Second, "prison officials must have a sufficiently culpable state of mind," which for conditions of confinement claims, "is one of deliberate indifference." Id. (internal quotation marks and citation omitted). Prison officials act with deliberate indifference when they know of and disregard an excessive risk to inmate health or safety. Id. at 837. The circumstances, nature, and duration of the deprivations are critical in determining whether the conditions complained of are grave enough to form the basis of a viable Eighth Amendment claim. Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2006). Mere negligence on the part of a prison official is not sufficient to establish liability, but rather, the official's conduct must have been wanton. Farmer, 511 U.S. at 835; Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. Farmer, 511 U.S. at 834; Hudson v. McMillian, 503 U.S. 1, 9 (1992). The circumstances, nature, and duration of the deprivations are critical in determining whether the conditions complained of are grave enough to form the basis of a viable Eighth Amendment claim. Johnson, 217 F.3d at 731. Second, the prison official must "know[ ]of and disregard[ ] an excessive risk to inmate health or safety…:" Farmer, 511 U.S. at 837. Thus, a prison official may be held liable under the Eighth

Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of harm and disregards that risk by failing to take reasonable measures to abate it. Id. at 837-45. In addition, Defendants must have a subjective "state of mind more blameworthy than negligence," akin to criminal recklessness. Id. at 835, 839-40.

Here, Plaintiff's allegations demonstrate nothing more than potential negligence. Indeed, the grievance response from the Office of Appeals determined that it was reasonable to believe that the notarized paperwork to be sent with Plaintiff's registry fee to the Secretary of State was misplaced or unattached from Plaintiff's CDCR 193, at some point during the routing of the CDC 193. (ECF No. 1 at 9.) Plaintiff's claim was therefore granted and he was provided a payment in the amount of $240. Id. Plaintiff's allegations of lost property "do not impinge on a constitutionally protected basic human need and do not rise to the level of cruel and unusual punishment." Obataiye-Allah v. Gilbertson, No. 2:19-CV-00135-JR, 2019 WL 2303844, at *2 (D. Or. May 29, 2019). Accordingly, because the allegations demonstrate nothing more than potential negligence, Plaintiff fails to state a cognizable constitutional claim for relief.

### B.   Loss of Property

The Due Process Clause protects prisoners from being deprived of property without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). Prisoners have a protected interest in their personal property. Hansen v. May, 502 F.2d 728, 730 (9th Cir. 1974). However, while an authorized, intentional deprivation of property is actionable under the Due Process Clause, see Hudson v. Palmer, 468 U.S. 517, 532, n.13 (1984) (citing Logan v. Zimmerma Brush Co., 455 U.S. 422 (1982)); Quick v. Jones, 754 F.2d 1521, 1524 (9th Cir. 1985), neither negligent nor unauthorized intentional deprivations of property by a state employee "constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post-deprivation remedy for the loss is available," Hudson v. Palmer, 468 U.S. 517, 533 (1984). California law provides an adequate post-deprivation remedy for the unauthorized taking (whether intentional or negligent) of an inmate's personal

property. Barnett v. Centoni, 31 F.3d 813, 816–17 (9th Cir. 1994)(citing Cal. Gov't Code §§ 810–895).

The fact that plaintiff has been compensated for his lost property shows that the loss of his property was not the result of authorized behavior. Since the loss of his property was unauthorized, California law provides an adequate remedy for Plaintiff's loss and he may not pursue a due process claim under section 1983.

### C.  Violation of California Penal Code

To the extent Plaintiff seeks liability based on a violation of the California Penal Code, he is advised that the penal code is a criminal statute and does not provide for a private right of action against Defendants. "With rare, limited exceptions, none of which applies to § 1983 actions, federal law does not allow a private citizen to bring a criminal prosecution against another citizen. Criminal actions are initiated by the state, not by private citizens." Lipsey v. Reddy, No. 1:17-cv-00569-LJO-BAM (PC), 2017 WL 4811723, at *4 (E.D. Cal. Oct. 24, 2017), report and recommendation adopted, No. 1:17-cv-00569-LJO-BAM (PC), 2017 WL 5070338 (E.D. Cal. Nov. 3, 2017); see also Chrysler Corp. v. Brown, 441 U.S. 281, 316 (1979) (noting that Supreme Court rarely implies a private right of action under a criminal statute.) Therefore, Plaintiff cannot bring a criminal action under § 1983 against Defendants for violation of the California Penal Code. See Turnbough v. Hernandez, No. 1:17-cv-01465-BAM (PC), 2018 WL 3637026, at *4 (E.D. Cal. July 30, 2018), report and recommendation adopted, No. 1:17-cv-01465-DAD-BAM, 2018 WL 5023388 (E.D. Cal. Oct. 16, 2018).

### D.  State Law Negligence

"Federal courts are courts of limited jurisdiction, having subject-matter jurisdiction only over matters authorized by the Constitution and Congress. Subject-matter jurisdiction exists in civil cases involving a federal question or diversity of citizenship." Bates v. Gen. Nutrition Centers, Inc., 897 F. Supp. 2d 1000, 1002 (C.D. Cal. 2012) (internal citations omitted). Plaintiff's complaint fails to state a viable claim under federal law. Accordingly, it is not

necessary for the Court to determine whether any of the claims as alleged adequately state a claim under state law.

In the absence of a viable federal claim, the Court may decline to exercise supplemental jurisdiction over the state law claims, and the Court lacks diversity jurisdiction to hear the state law claims on their own. Under 28 U.S.C. § 1367(a), "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy. " However, a court "may decline to exercise supplemental jurisdiction over related state-law claims once it has 'dismissed all claims over which it has original jurisdiction.' " Ove v. Gwinn, 264 F.3d 817, 826 (9th Cir. 2001) (quoting 28 U.S.C § 1367(c)(3) ); see also Gini v. Las Vegas Metro. Police Dep't, 40 F.3d 1041, 1046 (9th Cir. 1994) (where a court declines to exercise supplemental jurisdiction, dismissal of the state law claims is without prejudice). Here, the Court lacks any basis for exercising supplemental jurisdiction over Plaintiff's state law claims as there is no viable federal claim.

### E. Further Leave to Amend

Given Plaintiff's failure to allege additional facts and cure the identified deficiencies, the Court finds further leave to amend the claim would be futile. See Zucco Partners, LLC v. Digimarc Corp., 552 F.3d 981, 1007 (9th Cir. 2009); see also Simon v. Value Behavioral Health, Inc., 208 F.3d 1073, 1084 (9th Cir. 2000) (affirming dismissal without leave to amend where the plaintiff failed to correct deficiencies in complaint after the court had afforded opportunities to do so and had discussed with plaintiff the substantive problems with his claims). Plaintiff's amended complaint contains the same allegations of the original complaint. Plaintiff's allegations do not give rise to a constitutional violation and any relief must be sought by way of state court. Accordingly, the Court recommends the first amended complaint be dismissed without further leave to amend.

///

///

**IV.**

**ORDER AND RECOMMENDATION**

Based on the foregoing, it is HEREBY ORDERED that the Clerk of Court shall randomly assign a District Judge to this action.

Further, it is HEREBY RECOMMENDED that the instant action be dismissed, without further leave to amend, for failure to state a cognizable claim for relief.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with this Findings and Recommendation, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **November 2, 2022**

UNITED STATES MAGISTRATE JUDGE